**SEALED**

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

2010 SEP 29 PM 1:54

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAVIER ALEJANDRO ALMANZA,<br><br>Defendant. | § CRIMINAL NO. SA10CR0857 FB<br>§<br>§ **INDICTMENT**<br>§<br>§ **CT 1:** 18 U.S.C. §§ 371 & 554 - Conspiracy<br>§ to Smuggle Goods Out of the United States;<br>§ **CT 2:** 18 U.S.C. §§ 371 & 922(a)(6) -<br>§ Conspiracy to Obtain Firearms by False<br>§ Statement During Firearms Purchase. |

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
[18 U.S.C. §§ 371 and 554]

That beginning on or about December 2, 2006, and continuing through and including March 16, 2007, within the Western District of Texas, the Defendant,

**JAVIER ALEJANDRO ALMANZA,**

did knowingly and willfully combine, conspire, confederate and agree with others known and unknown to the Grand Jury, to commit an offense against the United States, namely: knowingly and unlawfully attempted to export from the United States, any merchandise, an article, and object, contrary to any law and regulation of the United States, to wit: 39 firearms to Mexico without receiving an export license for these firearms, contrary to Title 18, United States Code, Section 554, all in violation of Title 18, United States Code, Section 371.

**THE MANNER AND MEANS OF THE CONSPIRACY**

It was a part of the conspiracy that Defendant **JAVIER ALEJANDRO ALMANZA** purchased firearms for an individual named "Carlos," a Mexican citizen residing in Mexico and not entitled to purchase firearms in the United States in order for "Carlos" or his employees to take these

firearms back to Mexico without receiving the required export licenses. It was further part of the conspiracy that "Carlos" provided Defendant **JAVIER ALEJANDRO ALMANZA** with cash and directed Defendant **JAVIER ALEJANDRO ALMANZA** to purchase the particular firearms. Defendant **JAVIER ALEJANDRO ALMANZA** made false statements on ATF Forms 4473 to purchase these firearms from R.G., a licensed firearms dealer in and around San Antonio and Austin, Texas, falsely claiming that Defendant **JAVIER ALEJANDRO ALMANZA** was the ultimate purchaser when in fact the Defendant knew that the firearms were to be given to "Carlos" in Mexico and that R.G. knew the defendant was purchasing the firearms for other individuals.

## OVERT ACTS

1. On or about December 2, 2006, "Carlos" directed the Defendant **JAVIER ALEJANDRO ALMANZA** to purchase two Bushmaster XM15-E2S assault rifles so that these firearms could be smuggled to Mexico.

2. On or about December 2, 2006, Defendant **JAVIER ALEJANDRO ALMANZA**, in the Western District of Texas, purchased two Bushmaster XM15-E2S, .223 caliber firearms, serial numbers L433360 and L433663, from R.G., a licensed federal firearms dealer, by knowingly making a false and fictitious written statement on ATF Form 4473 to R.G. that the defendant was the actual buyer of the firearms listed on the form, when in truth and in fact, Defendant **JAVIER ALEJANDRO ALMANZA** then knew he was buying the firearms for another individual.

3. On or about December 3, 2006, "Carlos" directed the Defendant **JAVIER ALEJANDRO ALMANZA** to purchase a Bushmaster M4A3 assault rifle so that this firearm could be smuggled to Mexico.

4. On or about December 3, 2006, Defendant **JAVIER ALEJANDRO ALMANZA**, in the Western District of Texas, purchased a Bushmaster M4A3, .223 caliber firearm, serial number BF1487995, from R.G., a licensed federal firearms dealer, by knowingly making a false and fictitious written statement on ATF Form 4473 to R.G. that he was the actual buyer of the firearm listed on the form, when in truth and in fact, Defendant **JAVIER ALEJANDRO ALMANZA** then knew he was buying the firearm for another individual.

5. On or about December 9, 2006, "Carlos" directed Defendant **JAVIER ALEJANDRO ALMANZA** to purchase six Bushmaster XM15-E2S assault rifle receivers so that these firearms could be smuggled to Mexico.

6. On or about December 9, 2006, Defendant **JAVIER ALEJANDRO ALMANZA**, in the Western District of Texas, purchased three Bushmaster XM15-E2S, 5.56 mm. rifle receivers, serial numbers BFI501761, BFI501687, and BFI501136, from R.G., a licensed federal firearms dealer, by knowingly making a false and fictitious written statement on ATF Form 4473 to R.G. that he was the actual buyer of the firearms listed on the form, when in truth and in fact, Defendant **JAVIER ALEJANDRO ALMANZA** then knew he was buying the firearms for another individual.

7. On or about December 9, 2006, Defendant **JAVIER ALEJANDRO ALMANZA**, in the Western District of Texas, purchased three Bushmaster XM15-E2S, 5.56 mm rifle receivers, serial numbers BFI501767, BFI501763 and BFI501520, from R.G., a licensed federal firearms dealer, by knowingly making a false and fictitious written statement on ATF Form 4473 to R.G. that he was the actual buyer of the firearms listed on the form, when in truth and in fact, Defendant **JAVIER ALEJANDRO ALMANZA** then knew he was buying the firearms for another individual.

8.   On or about December 22, 2006, "Carlos" directed the Defendant **JAVIER ALEJANDRO ALMANZA** to purchase three Bushmaster XM15-E2S assault rifle receivers and three FN Herstel 5-7 pistols, 5.7 caliber, so that these firearms could be smuggled to Mexico.

9.   On or about December 22, 2006, Defendant **JAVIER ALEJANDRO ALMANZA**, in the Western District of Texas, purchased two Bushmaster XM15-E2S, 5.56 mm rifle receivers, serial numbers BFI501762 and BFI501681, and one FN Herstel 5-7 pistol, 5.7 caliber, serial number 386132313, from R.G., a licensed federal firearms dealer, by knowingly making a false and fictitious written statement on ATF Form 4473 to R.G. that he was the actual buyer of the firearms listed on the form, when in truth and in fact, Defendant **JAVIER ALEJANDRO ALMANZA** then knew he was buying the firearms for another individual.

10.   On or about December 22, 2006, Defendant **JAVIER ALEJANDRO ALMANZA**, in the Western District of Texas, instructed another individual to purchase one Bushmaster XM15-E2S, 5.56 mm rifle receiver, serial number BFI501758, and two FN Herstel 5-7 pistols, 5.7 caliber, serial numbers 386132304 and 386132314, from R.G., a licensed federal firearms dealer, by instructing this other individual to knowingly make a false and fictitious written statement on ATF two Forms 4473 to R.G., that this other individual was the actual buyer of the firearms listed on the form, when in truth and in fact, Defendant **JAVIER ALEJANDRO ALMANZA** then knew he was buying the firearms for another individual in Mexico.

11.   On or about January 7, 2007, "Carlos" directed Defendant **JAVIER ALEJANDRO ALMANZA** to purchase eight Bushmaster XM15-E2S assault rifle receivers so that these firearms could be smuggled to Mexico.

12. On or about January 7, 2007, Defendant **JAVIER ALEJANDRO ALMANZA**, in the Western District of Texas, purchased four Bushmaster XM15-E2S, .223 caliber rifle receivers, serial numbers L436839, L439825, L436837, and L436841, from R.G., a licensed federal firearms dealer, by knowingly making a false and fictitious written statement on ATF Form 4473 to R.G. that he was the actual buyer of the firearms listed on the form, when in truth and in fact, Defendant **JAVIER ALEJANDRO ALMANZA** then knew he was buying the firearms for another individual.

13. On or about January 7, 2007, Defendant **JAVIER ALEJANDRO ALMANZA**, in the Western District of Texas, purchased four Bushmaster XM15-E2S, .223 caliber rifle receivers, serial numbers L436848, L439827, L439818, and L439602, from R.G., a licensed federal firearms dealer, by knowingly making a false and fictitious written statement on ATF Form 4473 to R.G. that he was the actual buyer of the firearms listed on the form, when in truth and in fact, Defendant **JAVIER ALEJANDRO ALMANZA** then knew he was buying the firearms for another individual.

14. On or about February 3, 2007, "Carlos" directed Defendant **JAVIER ALEJANDRO ALMANZA** to purchase two DPMS rifles, .308 caliber, and one Taurus PT38, .38 caliber, so that these firearms could be smuggled to Mexico.

15. On or about February 3, 2007, Defendant **JAVIER ALEJANDRO ALMANZA**, in the Western District of Texas, purchased two DPMS rifles, .308 caliber, serial number 10059 and 10036, and one Taurus PT38, .38 caliber, serial number LYG13428, from R.G., a licensed federal firearms dealer, by knowingly making a false and fictitious written statement on ATF Form 4473 to R.G. that he was the actual buyer of the firearms listed on the form, when in truth and in fact, Defendant **JAVIER ALEJANDRO ALMANZA** then knew he was buying the firearms for another individual.

16. On or about February 18, 2007, "Carlos" directed Defendant **JAVIER ALEJANDRO ALMANZA** to purchase three Bushmaster XM15-E2S assault rifle receivers, one Rock River Arms LAR-15 assault rifle receiver, and two FN Herstel 5-7 pistols, 5.7 caliber, so that these firearms could be smuggled to Mexico.

17. On or about February 18, 2007, Defendant **JAVIER ALEJANDRO ALMANZA**, in the Western District of Texas, purchased one Bushmaster XM15-E2S, 5.56 mm rifle receivers, serial numbers L436808, one Rock River Arms LAR-15 assault rifle receiver, 5.56 mm., serial number CM93261, and one FN Herstel 5-7 pistol, 5.7 caliber, serial number 386127410, from R.G., a licensed federal firearms dealer, by knowingly making a false and fictitious written statement on ATF Form 4473 to R.G. that he was the actual buyer of the firearms listed on the form, when in truth and in fact, Defendant **JAVIER ALEJANDRO ALMANZA** then knew he was buying the firearms for another individual.

18. On or about February 18, 2007, Defendant **JAVIER ALEJANDRO ALMANZA**, in the Western District of Texas, purchased two Bushmaster XM15-E2S, 5.56 mm. rifle receivers, serial numbers L426581 and L436643, and one FN Herstel 5-7 pistol, 5.7 caliber, serial number 386127605, from R.G., a licensed federal firearms dealer, by knowingly making a false and fictitious written statement on ATF Form 4473 to R.G. that he was the actual buyer of the firearms listed on the form, when in truth and in fact, Defendant **JAVIER ALEJANDRO ALMANZA** then knew he was buying the firearms for another individual.

19. On or about March 16, 2007, "Carlos" directed the Defendant **JAVIER ALEJANDRO ALMANZA** to purchase two Bushmaster XM15-E2S assault rifle receivers and one FN Herstel 5-7 pistol, 5.7 caliber, so that these firearms could be smuggled to Mexico.

20. On or about March 16, 2007, Defendant **JAVIER ALEJANDRO ALMANZA**, in the Western District of Texas, purchased two Bushmaster XM15-E2S, 5.56 mm. rifle receivers, serial numbers L444668 and L444927, and one FN Herstel 5-7 pistol, 5.7 caliber, serial number 386135146, from R.G., a licensed federal firearms dealer, by knowingly making a false and fictitious written statement on ATF Form 4473 to R.G. that he was the actual buyer of the firearms listed on the form, when in truth and in fact, Defendant **JAVIER ALEJANDRO ALMANZA** then knew he was buying the firearms for another individual.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
[18 U.S.C. §§ 371 and 922 (a)(6)]

The Manner and Means and Overt Acts set forth in Count One of this indictment are hereby incorporated by reference as if fully set forth.

That beginning on or about December 2, 2006, and continuing through and including March 16, 2007, within the Western District of Texas, the Defendant,

**JAVIER ALEJANDRO ALMANZA,**

did knowingly and willfully combine, conspire, confederate and agree with others known and unknown to the Grand Jury, including "Carlos" and R.G., to commit an offense against the United States, namely: they conspired to obtain firearms by making false written statements during firearms purchases, contrary to Title 18, United States Code, Section 922(a)(6), all in violation of Title 18,

7

United States Code, Section 371.

A TRUE BILL.

━━━━━━━━━━━━━━━━━━━━
FOREPERSON OF THE GRAND JURY

JOHN E. MURPHY
UNITED STATES ATTORNEY

BY: _____
     MARK T. ROOMBERG
     Assistant U.S. Attorney